**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RONALD JONES,                          :

        Petitioner,    :          Civil Action No. 09-2510 (GEB)

        v.              :          **OPINION**

NEW JERSEY PAROLE BOARD,               :
et al.,
        Respondents.    :


**APPEARANCES:**

Petitioner pro se
Ronald Jones
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

RECEIVED

JUN - 8 2010

AT 8:30_____M
WILLIAM T. WALSH
CLERK


**BROWN, JR.**, Chief Judge

    Petitioner Ronald Jones, a prisoner currently confined at
New Jersey State Prison in Trenton, New Jersey, has submitted a
petition for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2254[1] and an application to proceed in forma pauperis pursuant

---

    [1] Although Petitioner asserts jurisdiction under 28 U.S.C.
§ 2243, Section 2243 merely sets forth certain procedures to be
followed in habeas corpus matters.  Challenges to custody
pursuant to the judgment of a state court must be brought under
28 U.S.C. § 2254, which provides in relevant part:

    (a) The Supreme Court, a Justice thereof, a circuit
    judge, or a district court shall entertain an
    application for a writ of habeas corpus in behalf of a
    person in custody pursuant to the judgment of a State
    court only on the ground that he is in custody in
    violation of the Constitution or laws or treaties of
    the United States.

to 28 U.S.C. § 1915(a).  The respondents are the New Jersey
Parole Board, Warden Larry Glover, and the Attorney General of
New Jersey.

Based on his affidavit of indigence, the Court will grant
Petitioner's application to proceed in forma pauperis.  Because
it appears from a review of the Petition that Petitioner is not
entitled to issuance of the writ, the Court will dismiss the
Petition.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

On September 25, 2002, Plaintiff Ronald Jones, an inmate now
confined at New Jersey State Prison, filed a complaint pursuant
to 42 U.S.C. § 1983 raising claims that certain prison officials
had violated his constitutional rights with respect to the
opening of incoming legal mail (the "Legal Mail Policy Action").
See Jones v. Brown, Civil No. 02-3045 (D.N.J.).  On October 22,
2003, this Court issued a memorandum opinion and order denying
Plaintiff's request for injunctive relief and granting summary
judgment in favor of defendants on the damages claims.  On
September 15, 2006, the U.S. Court of Appeals for the Third
Circuit issued its opinion affirming this Court's judgment in
most respects, but directing this Court to enter an order for
injunctive relief, which this Court thereafter did.  See Jones v.
Brown, 461 F.3d 353 (3d Cir. August 24, 2006), cert. denied, 549
U.S. 1286 (March 19, 2007).

2

In December 2008, Plaintiff filed a motion to enforce that injunction.  In May 2009, this Court entered its Memorandum Opinion and Order denying the motion, insofar as it asserted that the defendants had failed to comply with the injunction, and further severing certain other newly-asserted claims, directing the opening of new actions for the pursuit of those claims, and granting Plaintiff leave to file amended complaints with respect to those newly-asserted claims.

This action is the civil action opened for Plaintiff to pursue the claim, originally asserted in the Legal Mail Policy Action, that he was wrongfully denied parole on June 25, 2008. Following is a summary of facts relevant to the Petition for writ of habeas corpus subsequently filed in this action.

Petitioner was convicted in the Superior Court of New Jersey, Law Division, Cumberland County, of kidnapping, aggravated sexual assault, and possession of a weapon for an unlawful purpose.  On October 19, 1981, the trial court imposed an aggregate term of 55 years of imprisonment, with 25 years of parole ineligibility.  See Jones v. Morton, 195 F.3d 153, 155 (3d Cir. 1999).[2]

---

[2] This Court will take judicial notice of the dockets of other cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to

On January 8, 1993, Petitioner filed his first § 2254 habeas petition, challenging his conviction, in this Court.  See Jones v. Beyer, Civil No. 93-0164 (D.N.J.).  On January 24, 1994, United States District Judge John F. Gerry dismissed the petition without prejudice for failure to exhaust state remedies.

Petitioner's second § 2254 habeas petition was also dismissed for failure to exhaust state remedies.  See Jones v. Morton, Civil No. 95-1296 (D.N.J.).

Petitioner's third § 2254 habeas petition was dismissed in 1998 as a prohibited second or successive petition or, in the alternative, as time-barred.  See Jones v. Morton, Civil No. 97-5606 (D.N.J.).  The Court of Appeals for the Third Circuit granted a certificate of appealability and affirmed on the ground that the third petition was time-barred.  Jones v. Morton, 195 F.3d 153 (3d Cir. 1999).

Petitioner's fourth and fifth habeas petitions were both dismissed in 2002 as time-barred.  Jones v. Hendricks, Civil No. 01-0337 (D.N.J.); Jones v. Hendricks, Civil No. 02-4612 (D.N.J.).

In 2003, Petitioner filed his sixth § 2254 petition.  Jones v. Hendricks, Civil No. 03-3927 (D.N.J.).  On September 8, 2003, United States District Judge Joseph E. Irenas found that the petition was "second or successive" and transferred the case to the Court of Appeals for the Third Circuit, which thereafter

---

reasonable dispute over its authenticity).

4

denied Petitioner leave to proceed with a second or successive petition.

Petitioner filed his seventh § 2254 petition on March 30, 2004. Jones v. Hendricks, Civil No. 04-1529 (D.N.J.). On January 19, 2003, United States District Judge Freda L. Wolfson dismissed the petition for lack of jurisdiction, on the ground that it was a second or successive petition that Petitioner had not obtained authorization to file. On April 6, 2005, the Court of Appeals denied Petitioner's application for a certificate of appealability as follows:

> The foregoing application for a certificate of appealability is denied. Jones sought to file a second or successive petition for writ of habeas corpus in the District Court. Because Jones had not obtained the necessary authorization to do so from this Court, see 28 U.S.C. § 2244(b)(3)(A) (2005), the District Court lack jurisdiction to consider the petition, see Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). Jones has not shown that the District Court's decision to dismiss the petition arguably was incorrect. See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

Jones v. Hendricks, No. 05-1269 (3d Cir. April 6, 2005).

Petitioner filed his eighth § 2254 petition in 2006. Jones v. Hayman, Civil No. 06-5725 (D.N.J.). On December 8, 2006, United States District Judge Noel L. Hillman dismissed the petition for lack of jurisdiction as a second or successive petition. The Court of Appeals granted a certificate of appealability as to Petitioner's ninth claim, relating to the 2006 denial of parole, vacated the District Court's decision as

5

to that claim only, and remanded. <u>Jones v. Hayman</u>, No. 06-5122 (3d Cir. Nov. 30, 2007). On remand, Judge Noel L. Hillman of this Court denied on the merits the challenge to the 2006 denial of parole. The Court of Appeals for the Third Circuit denied a certificate of appealability. <u>Jones v. Hayman</u>, No. 09-3334 (3d Cir. Nov. 16, 2009).

Petitioner filed his ninth § 2254 petition in March, 2007. <u>Jones v. Hayman</u>, Civil No. 07-1505 (D.N.J.). On April 17, 2007, United States District Judge Robert B. Kugler dismissed the ninth petition as second or successive.

Petitioner filed his tenth § 2254 petition in 2008. <u>Jones v. Hauck</u>, Civil No. 08-1601 (D.N.J.). On April 11, 2008, United States District Judge Noel L. Hillman dismissed the tenth petition as second or successive. On July 23, 2008, the Court of Appeals denied a certificate of appealability. <u>Jones v. Hauck</u>, No. 08-2251 (3d Cir. July 23, 2008).

On July 31, 2009, Petitioner filed his eleventh § 2254 habeas petition. <u>Jones v. Glover</u>, Civil No. 09-3806 (D.N.J.) There, Petitioner asserted 23 grounds for relief, all of which challenged the original conviction. On January 27, 2010, Judge Renée Marie Bumb dismissed the eleventh petition as second or successive. On April 30, 2010, the Court of Appeals for the Third Circuit denied a certificate of appealability. <u>Jones v. Glover</u>, No. 10-1469 (3d Cir. April 30, 2010).

This is Petitioner's twelfth petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In the "Preliminary Statement" Plaintiff asserts that he was wrongfully denied parole on September 6, 2006, and again on June 25, 2008.  With respect to the 2006 parole decision, his claims are identical to those raised and decided on the merits in <u>Jones v. Hayman</u>, Civil No. 06-5725 (D.N.J.).  With respect to the 2008 decision, Petitioner alleges in the "Preliminary Statement":

> [In 2006, a] two-member panel of the Parole Board specifically denied Petitioner parole for essentially maintaining his actual innocence during the hearing, on a false basis of substantial likelihood that he would commit a crime if released on parole, and on the false ground that there were no mitigating factors on his behalf for parole.  In egregious violations of Petitioner's First, Fifth, Eighth and Fourteenth amendment rights.

> When in fact, Petitioner maintained his actual innocence of the crimes of which he [had] been falsely convicted that was pending on appeal for a vindication at the time of said parole hearing.  Petitioner no prior adult criminal record and/or was tried and convicted as a quote first offender of his present criminal offenses which clearly goes against likelihood that he would commit a crime if released on parole. And Petitioner with no prior adult criminal record, convictions or incarcerations clearly qualifies as a mitigating factor.

> Petitioner has since been denied parole for a second time on June 25, 2008 for the same exact reasons as used at the September 1, 2006 hearing by the State Parole Board to prevent his release from prison.  The N.J. State Parole Board decisions that denied Petitioner parole were based on wholly arbitrary and capricious reasons.  In egregious violations of Petitioner's fundamental First amendment rights to Freedom of Speech, his Eighth amendment protections against cruel and unusual punishment, and his due

process and equal protection of law guarantees under
his Fifth and Fourteenth amendment rights of the United
States Constitution.

(Petition, Preliminary Statement.)

Petitioner does not otherwise describe the alleged

deficiencies in the 2008 parole proceeding, nor does he state

whether he has exhausted his state remedies with respect to the

2008 parole decision.  Instead, in Paragraph 12, Petitioner

alleges that he is "presently being unconstitutionally detained

and imprisoned on the following grounds," which grounds include

23 enumerated challenges to the conviction and appeal, but not in

any way to the 2008 parole decision.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in

relevant part as follows:

> A court, justice or judge entertaining an
> application for a writ of habeas corpus shall forthwith
> award the writ or issue an order directing the
> respondent to show cause why the writ should not be
> granted, unless it appears from the application that
> the applicant or person detained is not entitled
> thereto.

A pro se pleading is held to less stringent standards than

more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429

U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

A pro se habeas petition and any supporting submissions must be

construed liberally and with a measure of tolerance.  See Royce

v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney

8

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III.  ANALYSIS

United States Code Title 28, Section 2244(b)(3)(A), provides that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631. See also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the

petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

This Court finds that, insofar as it asserts claims challenging Petitioner's original conviction or the 2006 parole decision, this Petition asserts claims that are "second or successive" and over which this Court lacks jurisdiction. <u>See</u> 28 U.S.C. § 2244(b)(1). This Court further finds that it is not in the interests of justice to transfer this action to the Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1631, as the Court of Appeals has already declined to grant Petitioner leave to proceed with a second or successive petition challenging his original conviction and has also affirmed the denial of relief with respect to the 2006 parole decision. In any event, the 2006 parole decision has been superceded by the 2008 parole decision. Accordingly, those claims will be dismissed as second or successive.

Although Petitioner's challenge to the 2008 parole decision is contained in the "Preliminary Statement," rather than his statement of grounds for relief in Paragraph 12, this Court will liberally construe the Petition as challenging the 2008 parole decision.

With respect to the challenge to the 2008 parole decision, this shall serve as the notice required by <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), of the consequences of filing such a

petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the challenged judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d).  This Court will grant Petitioner leave to advise the Court whether he wishes to have the Court rule on the challenge to the 2008 parole decision as set forth in the Petition or to withdraw the Petition and file one all-inclusive § 2254 petition subject to the one-year statute of limitations.  If Petitioner elects to proceed with the Petition as filed, he will lose the ability to file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances.  This Court makes no finding as to the timeliness of the Petition as filed.

## V.   CONCLUSION

For the reasons set forth above, the claims challenging the conviction and the 2006 denial of parole will be dismissed with prejudice as "second or successive."  Petitioner will be

permitted to proceed with his challenge to the 2008 parole decision.   An appropriate order follows.

Garrett E. Brown, Jr.
Chief Judge
United States District Court

Dated:

12