**NOT FOR PUBLICATION**

RECEIVED
JUN 30 2011
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RONALD JONES,

        Petitioner,

v.

NEW JERSEY PAROLE BOARD, et al.,

        Respondents.

Civil Action No. 09-2510 (GEB)

**OPINION**

**APPEARANCES:**

Petitioner pro se
Ronald C. Jones
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

Counsel for Respondents
Christopher C. Josephson
Ofc. of the NJ Atty. General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112

**BROWN, JR.**, Chief Judge

    Petitioner Ronald C. Jones, a prisoner currently confined at Northern State Prison in Newark, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are the New Jersey Parole Board, Warden Larry Glover, and the Attorney General of New Jersey.

    For the reasons stated herein, the Petition must be dismissed for failure to exhaust state remedies.

I.  BACKGROUND

Petitioner was convicted in the Superior Court of New Jersey, Law Division, Cumberland County, of kidnapping, aggravated sexual assault, and possession of a weapon for an unlawful purpose. On October 19, 1981, the trial court imposed an aggregate term of 55 years of imprisonment, with 25 years of parole ineligibility. See Jones v. Morton, 195 F.3d 153, 155 (3d Cir. 1999).[1]

On January 8, 1993, Petitioner filed his first § 2254 habeas petition, challenging his conviction, in this Court. See Jones v. Beyer, Civil No. 93-0164 (D.N.J.). On January 24, 1994, United States District Judge John F. Gerry dismissed the petition without prejudice for failure to exhaust state remedies.

Petitioner's second § 2254 habeas petition was also dismissed for failure to exhaust state remedies. See Jones v. Morton, Civil No. 95-1296 (D.N.J.).

Petitioner's third § 2254 habeas petition was dismissed in 1998 as a prohibited second or successive petition or, in the alternative, as time-barred. See Jones v. Morton, Civil No. 97-

---

[1] This Court will take judicial notice of the dockets of other cases related to this Petition. See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

5606 (D.N.J.). The Court of Appeals for the Third Circuit granted a certificate of appealability and affirmed on the ground that the third petition was time-barred. Jones v. Morton, 195 F.3d 153 (3d Cir. 1999).

Petitioner's fourth and fifth habeas petitions were both dismissed in 2002 as time-barred. Jones v. Hendricks, Civil No. 01-0337 (D.N.J.); Jones v. Hendricks, Civil No. 02-4612 (D.N.J.).

In 2003, Petitioner filed his sixth § 2254 petition. Jones v. Hendricks, Civil No. 03-3927 (D.N.J.). On September 8, 2003, United States District Judge Joseph E. Irenas found that the petition was "second or successive" and transferred the case to the Court of Appeals for the Third Circuit, which thereafter denied Petitioner leave to proceed with a second or successive petition.

Petitioner filed his seventh § 2254 petition on March 30, 2004. Jones v. Hendricks, Civil No. 04-1529 (D.N.J.). On January 19, 2003, United States District Judge Freda L. Wolfson dismissed the petition for lack of jurisdiction, on the ground that it was a second or successive petition that Petitioner had not obtained authorization to file. On April 6, 2005, the Court of Appeals denied Petitioner's application for a certificate of appealability as follows:

> The foregoing application for a certificate of appealability is denied. Jones sought to file a second or successive petition for writ of habeas corpus in the District Court. Because Jones had not obtained the

> necessary authorization to do so from this Court, see 28 U.S.C. § 2244(b)(3)(A) (2005), the District Court lack jurisdiction to consider the petition, see Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). Jones has not shown that the District Court's decision to dismiss the petition arguably was incorrect. See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

Jones v. Hendricks, No. 05-1269 (3d Cir. April 6, 2005).

Petitioner filed his eighth § 2254 petition in 2006. Jones v. Hayman, Civil No. 06-5725 (D.N.J.). On December 8, 2006, United States District Judge Noel L. Hillman dismissed the petition for lack of jurisdiction as a second or successive petition. The Court of Appeals granted a certificate of appealability as to Petitioner's ninth claim, relating to the 2006 denial of parole, vacated the District Court's decision as to that claim only, and remanded. Jones v. Hayman, No. 06-5122 (3d Cir. Nov. 30, 2007). On remand, Judge Noel L. Hillman of this Court denied on the merits the challenge to the 2006 denial of parole. The Court of Appeals for the Third Circuit denied a certificate of appealability. Jones v. Hayman, No. 09-3334 (3d Cir. Nov. 16, 2009).

Petitioner filed his ninth § 2254 petition in March, 2007. Jones v. Hayman, Civil No. 07-1505 (D.N.J.). On April 17, 2007, United States District Judge Robert B. Kugler dismissed the ninth petition as second or successive.

Petitioner filed his tenth § 2254 petition in 2008. Jones v. Hauck, Civil No. 08-1601 (D.N.J.). On April 11, 2008, United

States District Judge Noel L. Hillman dismissed the tenth petition as second or successive. On July 23, 2008, the Court of Appeals denied a certificate of appealability. Jones v. Hauck, No. 08-2251 (3d Cir. July 23, 2008).

On July 31, 2009, Petitioner filed his eleventh § 2254 habeas petition. Jones v. Glover, Civil No. 09-3806 (D.N.J.) There, Petitioner asserted 23 grounds for relief, all of which challenged the original conviction. On January 27, 2010, Judge Renée Marie Bumb dismissed the eleventh petition as second or successive. On April 30, 2010, the Court of Appeals for the Third Circuit denied a certificate of appealability. Jones v. Glover, No. 10-1469 (3d Cir. April 30, 2010).

Petitioner's challenge to the 2008 denial of parole was originally opened to this Court in a Motion [53] for Enforcement of Injunctive Relief Order and Appropriate Sanctions, dated November 12, 2008, in Jones v. Brown, Civil No. 02-3045 (D.N.J.). As the challenge to the 2008 denial of parole was unrelated to the claims asserted in Civil No. 02-3045, this Court severed that claim, directed the opening of a new and separate matter for that claim, and granted Petitioner leave to file an amended pleading in the new action. Petitioner submitted an Amended Petition [8] dated December 9, 2009.

This, then, is Petitioner's twelfth petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, but the first

challenging the 2008 denial of parole. In the "Preliminary Statement" Plaintiff asserts that he was wrongfully denied parole on September 6, 2006, and again on June 25, 2008. With respect to the 2006 parole decision, his claims are identical to those raised and decided on the merits in <u>Jones v. Hayman</u>, Civil No. 06-5725 (D.N.J.), and are thus second or successive. With respect to the 2008 decision, Petitioner alleges in the "Preliminary Statement":

> [In 2006, a] two-member panel of the Parole Board specifically denied Petitioner parole for essentially maintaining his actual innocence during the hearing, on a false basis of substantial likelihood that he would commit a crime if released on parole, and on the false ground that there were no mitigating factors on his behalf for parole. In egregious violations of Petitioner's First, Fifth, Eighth and Fourteenth amendment rights.
>
> When in fact, Petitioner maintained his actual innocence of the crimes of which he [had] been falsely convicted that was pending on appeal for a vindication at the time of said parole hearing. Petitioner no prior adult criminal record and/or was tried and convicted as a quote first offender of his present criminal offenses which clearly goes against likelihood that he would commit a crime if released on parole. And Petitioner with no prior adult criminal record, convictions or incarcerations clearly qualifies as a mitigating factor.
>
> Petitioner has since been denied parole for a second time on June 25, 2008 for the same exact reasons as used at the September 1, 2006 hearing by the State Parole Board to prevent his release from prison. The N.J. State Parole Board decisions that denied Petitioner parole were based on wholly arbitrary and capricious reasons. In egregious violations of Petitioner's fundamental First amendment rights to Freedom of Speech, his Eighth amendment protections against cruel and unusual punishment, and his due

>     process and equal protection of law guarantees under
>     his Fifth and Fourteenth amendment rights of the United
>     States Constitution.

(Petition, Preliminary Statement.)

Petitioner does not otherwise describe the alleged deficiencies in the 2008 parole proceeding, nor does he state whether he has exhausted his state remedies with respect to the 2008 parole decision. Instead, in Paragraph 12, Petitioner alleges that he is "presently being unconstitutionally detained and imprisoned on the following grounds," which grounds include 23 enumerated challenges to the conviction and appeal, but not in any way to the 2008 parole decision.

Although Petitioner's challenge to the 2008 parole decision was contained in the "Preliminary Statement," rather than his statement of grounds for relief in Paragraph 12, this Court liberally construed the Petition as challenging the 2008 parole decision[2] and granted Petitioner leave to advise the Court whether he wished to proceed with this challenge, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). All other claims were dismissed.

---

[2] A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Petitioner responded with an "Affidavit Notice of All-Inclusive Filing" [12] dated July 21, 2010, setting forth his various challenges to the 2008 denial of parole.[3] Respondents have answered that the claims in the Petition are unexhausted and meritless. Petitioner has replied, and this matter is now ready for decision.

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)(i) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of

---

[3] This "Affidavit" also included challenges to a 2010 denial of parole, which this Court dismissed without prejudice.

8

>the applicant to exhaust the remedies available in the courts of the State.
>
>>(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
>(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
>
>...

28 U.S.C. § 2254.

Thus, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[4] 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether

---

[4] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and more recently was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

[petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts

must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same. Id. at 277.

Exhaustion is not, however, a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims." Toulson, 987 F.2d at 987. In addition, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987). However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district

11

court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." Id. at 186. "[T]he allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

Alternatively, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Rose v. Lundy, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies"). But see Christy v. Horn, 115 F.3d 201, 206-07 (3d Cir. 1997) ("in rare cases exceptional

circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim").

### III. ANALYSIS

On June 25, 2008, Petitioner appeared before a panel of the New Jersey State Parole Board. Also on June 25, 2008, the panel issued a decision to deny parole and setting a 36-month future eligibility term. Petitioner administratively appealed to the full Parole Board. During the pendency of that appeal, the panel issued an amended decision, which the full Parole Board considered in connection with the pending administrative appeal. On June 24, 2009, the Parole Board issued a Notice of Final Agency Decision affirming the panel's decision to deny parole and establish a 36-month future eligibility term. (Decl. of Christopher C. Josephson, SPB26.)

On or about August 19, 2009, Petitioner sent a cover letter and attached purported Notice of Appeal to the Superior Court of New Jersey, Appellate Division. The cover letter reads, in pertinent part, as follows:

Dear Mr. Clerk Chacko:

Enclosed for filing in the above referred matter, please find an original copy of a notice of appeal.

Kindly file and submit same to the court on my behalf at your earliest possible convenience. It should be further noted to please, if necessary, advise me of any filing deficiency of which I would promptly seek to correct.

13

> In conclusion, any assistance that your office may be able to provide me in this matter would of course be truly appreciated. I thank you for your time.

(Affidavit of All-Inclusive Filing [12] Appendix H.) The attached document, captioned "Notice of Appeal," and "Request to Reserve the Right to Appeal from a Final State Parole Decision," reads, in pertinent part, as follows:

> Please take notice that I the undersigned appellant respectfully moves before this referred court on application to reserve the right to appeal from an administrative appeal of a second denial on June 25, 2008 by a board panel of parole filed on December 22, 2008 with the state "full" parole board pending a final agency decision rendered by, if adverse, in this matter.
>
> Appellant would then file an appeal brief shortly following said long overdue final agency decision, if adverse, in knowing the reasons therefor and what factual and legal bases he should proceed on.

(Affidavit of All-Inclusive Filing [12] Appendix H.)

On October 2, 2009, the Clerk of the Appellate Division responded as follows, in pertinent part.

> RE: Ronald Jones vs New Jersey State Parole Board
>
> We are returning herein, unfiled, your papers in reference to the above-captioned matter due to the following:
>
> ...
>
> [X] Other: The Appellate Court Clerk's office is a "filing" office. This office does not investigate problems, provide legal representation, nor give legal advice. If it is your intent to seek judicial review in the Appellate Division, a Pro Se kit is enclosed for you to complete and return to this office together with a copy of the order or decision you are appealing. Please be advised that according to Appellate Court

> Rules you have 45 days from the date of the decision in which to file your appeal. Anything beyond that time limit will require you to also file a notice of motion to file your appeal out of time, along with a certification explaining the extraordinary circumstances and good cause for the enlargement of the time period, which will be forwarded to the Court for its consideration. All forms submitted must be printed or typed and have your original signature where required.
>
> If the deficiency noted above is corrected and the original notice of appeal/letter resubmitted within ten(10) days of the date of this notice, the appeal will be filed as of the original received date. Please return a copy of this notice with the appeal to facilitate handling and re-serve all parties.

(Affidavit of All-Inclusive Filing [12] Appendix I.) A Civil Pro Se Kit was enclosed.

Here, state law provides administrative and judicial review processes applicable to Petitioner's claims. Specifically, any denial of parole by an Adult Panel is appealable to the Parole Board, provided certain conditions are met. N.J. Admin. Code Title 10 Sec. 71-4.2. In addition, New Jersey law provides an absolute right to appeal any action or decision of a State administrative agency to the Superior Court, Appellate Division, both under the State Constitution, N.J. Const. Art. VI, Sec. 5, para. 4; <u>Trantino v. New Jersey State Parole Board</u>, 166 N.J. 113, 172 (N.J.), <u>modified on other grounds</u>, 167 N.J. 619 (2001), and under the New Jersey Court Rules, Pressler, <u>Current New Jersey Court Rules</u>, Rule 2:2-3(a)(2) (2001). This exclusive procedure encompasses appeals from "inaction as well as action of a State

administrative agency." Trantino v. New Jersey State Parole Board, 296 N.J. Super. 437, 459-460 (App. Div. 1997), modified on other grounds and affirmed, 154 N.J. 19 (1998); Johnson v. State Parole Board, 131 N.J. Super. 513, 517-18 (App. Div. 1974), certif. denied, 67 N.J. 94 (1975). See also Petrucelli v. Department of Civil Service, 28 N.J. Super. 572, 575 (App. Div. 1953) ("The import of the rule embraces official administrative conduct of a negative character as well, such as, for example, the refusal to consider a meritorious petition, or to conduct a hearing, or to render any decision in a controversial cause appropriately before the [agency].").

Contrary to the administrative record produced by Respondents, Petitioner asserted initially, in his Affidavit of All-Inclusive Filing that the full Parole Board never rendered a final decision in his appeal from the 2008 denial of parole, and, in his reply, that he never received a copy of the decision, so he could not have exhausted his state remedies. (Affidavit of All-Inclusive Filing [12] at ¶ 22; Reply [24].)

Even if Petitioner never received a copy of the administrative appeal decision of the full Parole Board, his failure to exhaust state remedies is not excused. As noted above, New Jersey law provides an avenue for judicial review of agency inaction. Petitioner had prior experience pursuing his administrative and judicial appeal rights with respect to the

denial of parole. Certainly, if he believed that the full Parole Board was failing to act timely on his administrative appeal, state law permitted him to appeal that agency inaction, using the panel decision as the final agency decision. Even after receiving notice from the Appellate Division that there was a deficiency in his purported Notice of Appeal, Petitioner failed to make any effort to correct that deficiency and to proceed with a judicial appeal of the only agency decision - the panel decision - that he had received.

Petitioner has failed to establish that either "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). Accordingly, this Petition will be dismissed without prejudice for failure to exhaust administrative remedies, and this Court will not address the merits of the claims asserted in the Petition.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the correctness of this Court's procedural ruling to be debatable. No certificate of appealability shall issue.

## V. CONCLUSION

For the reasons set forth above, the Petition must be dismissed without prejudice for failure to exhaust state remedies. No certificate of appealability shall issue.

An appropriate order follows.

_____
Garrett E. Brown, Jr.
Chief Judge
United States District Court

Dated: June 30, 2011

18